

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00354-CR

**JOSUE ADONAY VELASQUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 12-0682**

## MEMORANDUM OPINION

In one issue, appellant, Josue Adonay Velasquez, challenges his conviction for driving while intoxicated on double-jeopardy grounds. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). We affirm.

### I. BACKGROUND

Based on an incident transpiring on May 8, 2012, appellant was charged by information with operating a motor vehicle in a public place while intoxicated.

Appellant requested a jury trial, which commenced on July 16, 2012 in the Walker County Court at Law.

During voir dire, the prosecuting attorney informed the venirepersons that appellant "may speak a little bit of English, or not very much English." The prosecuting attorney also told venirepersons that he speaks Spanish and that it was his first language. In any event, because appellant had difficulty communicating in English, the trial court appointed interpreter Ben Aguilar to translate the proceedings. After the jury was seated and sworn, the following exchange occurred in the presence of the jury:

| | |
|---|---|
| THE COURT: | Having heard the reading of the information, how do you plead? |
| THE INTERPRETER: | Not guilty. |
| THE COURT: | Thank you. You may be seated. |
| [Prosecuting attorney]: | Your Honor, I'm going to object. That's not what he said. |
| THE COURT: | I'm sorry? |
| [Prosecuting attorney]: | That's not what he said. |
| THE COURT: | That is not what he said? |
| [Prosecuting attorney]: | He did not say "not guilty." |
| THE COURT: | Ask him again. |
| THE DEFENDANT: | No cumpabla [sic]. |
| THE INTERPRETER: | Not guilty. |
| THE COURT: | Not guilty. |
| [Prosecuting attorney]: | Yes, Your Honor. |

This exchange serves as the basis for appellant's complaint on appeal.

The parties both gave opening statements, but before the State called its first witness, appellant objected to the prosecuting attorney's statements and moved for a mistrial. In support of his motions, appellant proffered the testimony of Aguilar, who noted that appellant never said he was guilty but instead stated "no culpable" or "not guilty" each time he was asked.

In response to appellant's offer of proof in support of his motion, the prosecuting attorney argued that he thought he heard appellant say "culpable" or, in other words, "guilty." The prosecuting attorney claimed that he did not hear appellant state "no culpable." In addition, the prosecuting attorney mentioned that: "I was just pointing that out with no malice, with no intent to show the jury that hey he's saying he's guilty."

The trial court ultimately granted a mistrial and reset the case for August 6, 2012. In the meantime, appellant filed a pre-trial petition for writ of habeas corpus complaining that a retrial of this case was barred by double jeopardy. The trial court denied appellant's habeas-corpus petition, and this case, once again, proceeded to trial.

However, prior to the second jury being seated and sworn, appellant objected to the trial proceeding on the ground that it was barred by double jeopardy. The trial court overruled this objection. At the conclusion of the trial, the jury found appellant guilty of the charged offense and sentenced him to ninety-three days' confinement in the Walker County jail with no fine. This appeal followed.

## II.    ANALYSIS

In his sole issue, appellant contends that the trial court erred in denying his objection to the second trial on the ground that it was barred by double jeopardy.  In particular, appellant argues that the comments made by the prosecuting attorney prior to opening statements in the first trial "goaded" him into moving for a mistrial.  We disagree.

### A.    Double Jeopardy

The Double Jeopardy Clause of the United States Constitution provides:  "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."  U.S. CONST. amend. V.  Likewise, article I, section 14 of the Texas Constitution states that:  "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."  TEX. CONST. art. I, § 14.  The Texas Court of Criminal Appeals and this Court have both recognized that:  "'[T]he proper' double-jeopardy 'rule under the Texas Constitution is the rule articulated by the United States Supreme Court in *Oregon v. Kennedy*.'"  *Ex parte Graves*, 271 S.W.3d 801, 804 n.2 (Tex. App.—Waco 2008, pet. ref'd) (quoting *Ex parte Lewis*, 219 S.W.3d 335, 337 (Tex. Crim. App. 2007)); *see Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S. Ct. 2083, 2087, 72 L. Ed. 2d 416 (1982).

The Double Jeopardy Clause embodies three protections, which are as follows: (1) "It protects against a second prosecution for the same offense after acquittal"; (2) "It protects against a second prosecution for the same offense after conviction"; and (3)

"[I]t protects against multiple punishments for the same offense." *Grady v. Corbin*, 495 U.S. 508, 516, 110 S. Ct. 2084, 2090-91, 109 L. Ed. 2d 548 (1990), *overruled on other grounds by United States v. Dixon*, 509 U.S. 688, 704, 113 S. Ct. 2849, 2860, 125 L. Ed. 2d 556 (1993); *see Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, 769 n.1, 114 S. Ct. 1937, 1941, 128 L. Ed. 2d 767 (1994); *see also Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Ex parte Graves*, 271 S.W.3d at 804. "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *United States v. DiFrancesco*, 449 U.S. 117, 127, 101 S. Ct. 426, 432, 66 L. Ed. 2d 328 (1980); *see Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990).

> [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*DiFrancesco*, 449 U.S. at 127-28, 101 S. Ct. at 432. "[T]he constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.'" 449 U.S. at 128, 101 S. Ct. at 433 (quoting *Arizona v. Washington*, 434 U.S. 497, 503, 98 S. Ct. 824, 829, 54 L. Ed. 2d 717 (1978)).

However, in *Oregon v. Kennedy*, the United States Supreme Court held: "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." 456 U.S. at 676, 102 S.

Ct. at 2089-90, 72 L. Ed. 2d 416 (1982).  As we stated in *Ex parte Graves*, "[t]he *Kennedy* Court distinguishes prosecutorial misconduct on the standard of intent to provoke a defense motion for mistrial from a more generalized standard of bad faith conduct or harassment on the part of the judge or prosecutor."  271 S.W.3d at 805 (quoting *Kennedy*, 456 U.S. at 674, 102 S. Ct. at 2088-89) (internal quotations omitted).  "Under *Kennedy*, the former bars retrial, the latter does not."  *Id.*

In addition, the Texas Court of Criminal Appeals recognized in *Ex parte Masonheimer* that the *Kennedy* decision "was intended to delineate the bounds of the narrow exception to the general rule that there is no jeopardy bar to a retrial after a defense-requested mistrial."  220 S.W.3d 494, 506 (Tex. Crim. App. 2007) (citing 456 U.S. at 673, 102 S. Ct. at 2088 (noting that if a defendant requests a mistrial, double jeopardy normally does not bar reprosecution) (internal quotations omitted)).  "The *Oregon v. Kennedy* standard delineating these bounds is usually read to mean that a retrial after a defense-requested mistrial is jeopardy-barred only when the prosecutorial conduct giving rise to the successful motion for a mistrial was intended to provoke [or goad] the defendant into moving for a mistrial."  *Id.* (citing *Kennedy*, 456 U.S. at 676, 679, 102 S. Ct. at 2089-91; *Ex parte Lewis*, 219 S.W.3d at 358-59) (internal quotations omitted).

Trial courts are in the best position to determine whether a prosecutor's conduct evinces intent to cause a mistrial, and Texas provides defendants with the opportunity to litigate the question in the trial forum.  *See Ex parte Lewis*, 219 S.W.3d at 362; *see also Razo v. State*, No. 02-11-00161-CR, 2012 Tex. App. LEXIS 6625, at *8 (Tex. App.—Fort Worth Aug. 9, 2012, no pet.) (mem. op., not designated for publication).  Consequently,

the Texas Court of Criminal Appeals has emphasized the importance of deferring to the trial court's assessment of facts, including the prosecutor's state of mind. *See Ex parte Wheeler*, 203 S.W.3d 317, 322-24 (Tex. Crim. App. 2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d at 335; *see also Razo*, 2012 Tex. App. LEXIS 6625, at **8-9.

In this case, the issue is whether the record supports the trial court's ruling that the prosecutor's conduct was not designed to provoke appellant into moving for a mistrial, which would have precluded further prosecution of appellant under the *Oregon v. Kennedy* standard. *See Ex parte Masonheimer*, 220 S.W.3d at 506. And as such, we must view the evidence in the light most favorable to the trial court's ruling. *See id.* (citing *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006)); *see also Ex parte Wheeler*, 203 S.W.3d at 324.

## B.    Discussion

Here, the record reflects that the prosecuting attorney blurted out in front of the jury that he did not believe that appellant had pleaded "not guilty" to the charged offense. Based on the prosecutor's statements regarding appellant's plea, appellant moved for a mistrial, which was granted. However, despite the prosecuting attorney making the complained-of statements in front of the jury, there is no evidence in the record that the statements were made with intent to "goad" or provoke appellant into moving for a mistrial. *See Kennedy*, 456 U.S. at 676, 679, 102 S. Ct. at 2089-91; *see also Ex parte Masonheimer*, 220 S.W.3d at 506; *Ex parte Lewis*, 219 S.W.3d at 358-59; *Ex parte Graves*, 271 S.W.3d at 805.

In fact, appellant's appellate complaint is belied by his argument at the August 1, 2012 hearing on his habeas-corpus petition, whereby appellant's counsel stated that: "I do not believe, and if that is the end of our case, then sobeit [sic], but I do not believe that any of his [the prosecuting attorney] actions were intended to result in a mistrial." Furthermore, the prosecuting attorney explained:

> Your Honor, I mean, I did say what I said. I am not going to doubt that. It was a knee jerk reaction. What I heard, I'm still a hundred percent certain that's what I heard, but in no way did I goad so that the Court would grant a mistrial. I mean, I honestly did not know that that would be the course of action. . . . It was not my intent to cause a mistrial by me telling the jury that I speak Spanish. What happened when Mr. Velasquez—and again, I'm still a hundred percent certain that that's what he said—it was not my intent to cause a mistrial. What I was doing is just making the Court aware of what I heard, what I saw him say, and at no point in time do I think what my actions did—my actions did not arise to what the Court set out in Oregon versus Kennedy.

After hearing arguments from both sides, the trial court denied appellant's habeas-corpus petition and objection—both of which were premised on double jeopardy.

> In situations such as this, the Texas Court of Criminal Appeals has noted:

> To say that the decision was not the defendant's own is to say that the decision was in reality made by someone else, e.g. the prosecutor. But when a prosecutor is merely reckless, one cannot say the prosecutor has made the decision to seek a mistrial. Only when the prosecutor intends to provoke the defendant's mistrial motion can it be said that the prosecutor, rather than the defendant, has exercised primary control over the decision to seek the trial's termination.

*Ex parte Lewis*, 219 S.W.3d at 358-59. Despite the mistake in making the complained-of comments in front of the jury, we cannot say that the prosecuting attorney "exercised primary control over the decision to seek the [first] trial's termination." *See id.* Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we

cannot say that the trial court abused its discretion in overruling appellant's double-jeopardy objection.  *See Ex parte Masonheimer*, 220 S.W.3d at 506; *see also Ex parte Wheeler*, 203 S.W.3d at 324.  Accordingly, we overrule appellant's sole issue on appeal.

### III.   CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2013
Do not publish
[CR25]